MINNIE OULTRAM WOODFORD *v.* WALTER L. WOODFORD

(No. 6939)

Submitted September 29, 1931. Decided October 6, 1931.

*Wm. T. George,* for appellant.
*H. J. Poling,* for appellee.

LITZ, PRESIDENT:

Plaintiff, Minnie Oultram Woodford, instituted her suit April 15, 1929, against defendant, Walter L. Woodford, for a divorce from bed and board and alimony, upon the grounds of cruelty and desertion. He answered, by way of defense, that he had already obtained an absolute divorce from her, in

the state of Ohio (upon constructive notice for desertion of more than three years), and filed an alleged copy (unauthenticated) of the Ohio decree. The trial court, accepting the alleged decree as a bar to this suit, set aside a previous order allowing temporary alimony and suit money, and dismissed the bill.

Several years after their marriage at Wheeling, West Virginia, in 1919, plaintiff and defendant went to Akron, Ohio, but plaintiff, because of alleged cruelty of her husband, soon returned to Belington, West Virginia, where she has since resided in a house owned by defendant. Defendant remained in Akron, but in 1927, during Christmas holidays, visited his wife in Belington, and in 1928, at Yuletide, she visited him in Akron. She says they cohabited as husband and wife upon each occasion. He denies that they did so in 1928. Until within a few weeks of the institution of the alleged suit in Ohio, he sent her clothing and sums of money for other necessaries from time to time, while she regularly laundried and returned to him his wearing apparel which he mailed to her every two weeks.

Alleged copies (unauthenticated) of process in the Ohio suit and proof of publication thereof were offered in evidence. The purported copy of process, dated April 6, 1929, recites that ''the cause may be heard and decided at any time after the expiration of six weeks from the service of this writ.'' The Ohio Code (chapter 3, section 11985) provides that in a suit for divorce ''the cause may be heard and decided after the expiration of six weeks from the service of summons, or the first publication of notice.'' The unauthenticated copy of proof of publication discloses that the first publication was made April 9, 1929. The alleged decree purports to have been entered May 17, 1929, less than six weeks from the first publication of process. Waiving for the moment defendant's failure to produce a complete record of the alleged Ohio divorce proceedings and the unauthenticity of the parts presented, the decree is nevertheless invalid as having been rendered prematurely.

The decree, complained of, is reversed and the cause remanded.

*Reversed and remanded.*